
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–14–18

|  |  |
|---|---|
| GAVIN EDWARDS AND SYNERGY REALTY GROUP, LLC | **OPINION DELIVERED** DECEMBER 17, 2014 |
| APPELLANTS | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. CV–2012–405–6] |
| V. |  |
| SYNERGY BUSINESS SERVICES, LLC; CHRIS TAYLOR and BARBARA TAYLOR | HONORABLE R. DOUGLAS SCHRANTZ, JUDGE |
| APPELLEES | DISMISSED |

## ROBERT J. GLADWIN, Chief Judge

Appellants Gavin Edwards and Synergy Realty Group, LLC (SRG) seek a reversal of the September 12 and November 15, 2013 orders of the Benton County Circuit Court. Appellants argue that the circuit court erred in granting summary judgment in favor of appellees Synergy Business Services, LLC (SBS), Chris Taylor, and Barbara Taylor and in awarding attorney's fees.

Appellant Gavin Edwards is a licensed real-estate broker and a member and manager of SRG. Appellees Chris and Barbara Taylor approached Gavin Edwards about partnering with him to form a business-brokerage firm branded with the "Synergy" name. The Taylors formed SBS, a limited liability company. The Taylors proposed to become agents for SRG and to share revenues and commissions with SRG. During the summer of 2006, Gavin Edwards informed Chris Taylor that in order to act as a business broker, Chris Taylor was required to obtain a real-estate agent's license and begin operating under a licensed real-estate

SLIP OPINION

broker. In reliance on Gavin Edwards's statement, Chris Taylor obtained a real–estate license and individually executed an independent-contractor's agreement (ICA) on October 12, 2006. The ICA required Chris Taylor to pay SRG a commission on the sale of real estate, including any real estate sold as part of the sale of a business.

On November 1, 2006, the Taylors and Gavin Edwards signed a letter of intent (LOI) outlining the intentions of the parties with regard to the business relationship between SRG and SBS. One of the clauses in the LOI contemplated SBS sharing commissions with SRG on the sale of businesses. The LOI required Barbara Taylor to obtain her real–estate license within ninety days of executing the LOI, but she did not do so.

For over a year, SRG provided appellees with office space, staff, operating capital, and paid certain recurring business expenses. SRG also paid commissions to the Taylors.

Appellants filed their complaint on March 13, 2012, alleging that the Taylors had violated the terms of their written agreement with SRG by failing to honor commissions that were due to SRG and failing to repay certain business expenses and loans. SRG attached to its complaint the November 1, 2006 LOI signed by Gavin Edwards and the Taylors. Also attached to the complaint was the ICA between SRG and Chris Taylor.

On July 30, 2012, appellees counterclaimed against appellants and also filed a third-party complaint against Tolbert Edwards, an owner in SRG, accusing him of fraud in the inducement, invasion of privacy, violation of the trade practices act, and breach of contract, all related to his twenty-five percent ownership interest in SRG.

Appellees then filed a motion for summary judgment on July 19, 2013, alleging that any commissions due under the ICA had been paid, and any claim under the LOI was time-barred by the five-year statute of limitations for written contracts. They included affidavits from Chris Taylor and Barbara Taylor, along with letters from the Arkansas Real Estate Commission and copies of the contracts as exhibits to the motion for summary judgment. Chris Taylor's affidavit claimed that he had paid all commissions due to Gavin Edwards.

Appellants responded to the motion for summary judgment claiming that there were unpaid commissions due to them under the ICA and the LOI from January 2008 to November 2008 that fell within the statute of limitations. Appellants attached spreadsheets documenting commissions earned on the sale of businesses by SBS between January and November 2008. Based on this evidence, appellants argued that there was material breach of the contract in January 2008 when the Taylors failed to pay commissions that were due.

Appellees replied, claiming that appellants' response failed to meet proof with proof. The circuit court heard arguments on the motion on August 27, 2013, at which time appellees verbally moved to dismiss the counterclaims, but failed to mention the third-party complaint against Tolbert Edwards. On September 12, 2013, the circuit court granted summary judgment in favor of appellees, finding that the material facts were undisputed and that appellants failed to meet proof with proof by failing to attach any sworn statements to their response, and also granted appellees' motion to dismiss their counterclaims with prejudice. However, the order made no reference to the outstanding third-party complaint against Tolbert Edwards. Appellants filed a timely notice of appeal on October 11, 2013.

3

SLIP OPINION

Appellees were then awarded $2500 in attorney's fees and $150 in costs in an order entered on November 15, 2013. Appellants state in their brief that they filed an amended notice of appeal to include the award of attorney's fees, and there is a copy in the addendum and record dated December 16, 2013, which appears to be the last possible day for it to have been timely filed; however, there is no file-stamped copy in either the addendum or the record.

We must dismiss appellants' appeal for lack of a final, appealable order. The record contains no disposition of appellees' third-party complaint against Tolbert Edwards. Rule 54(b) (2013) of the Arkansas Rules of Civil Procedure provides, in pertinent part:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties.
>
> (1) Certification of Final Judgment. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment.
> . . . .
> (2) Lack of Certification. Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Under Rule 54(b), an order that fails to adjudicate all of the claims as to all of the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Ark. State Claims Comm'n v. Duit Constr. Co., Inc.*, 2014 Ark.

4

432, ___ S.W.3d ___. Although Rule 54(b) provides a method by which the circuit court may direct entry of final judgment as to fewer than all of the claims or parties, where there is no attempt to comply with Rule 54(b), the order is not final, and we must dismiss the appeal. *Id.* The fundamental policy behind Rule 54(b) is to avoid piecemeal appeals. *Carter v. Cline*, 2011 Ark. 474, 385 S.W.3d 745. The failure to comply with the provisions of Rule 54(b) affects the subject-matter jurisdiction of the appellate court. *Ford Motor Co. v. Washington*, 2012 Ark. 325. Thus, this court is obligated to raise the issue on its own. *Id.*

In the instant case, the order being appealed from fails to adjudicate all of the claims as to all of the parties. Moreover, there has been no certification pursuant to Rule 54(b). Consequently, there is no final, appealable order, and appellants' appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.

WHITEAKER and HIXSON, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.

*Reece Moore Pendergraft LLP*, by: *Timothy C. Hutchinson*, for appellees.